## WINTER *against* LIVINGSTON.

A executes certain promissory notes to B, and procures land, of which he is the *cestuy que trust*, to be conveyed to B., under an agreement that B., on the payment of the notes, should reconvey the land; the notes not being paid, and B. having exercised acts of ownership on the land, by selling, &c., he cannot support an action on the notes, there being a failure of consideration; and the agreement being void on the non-payment of the notes. if B. elected so to consider it; and, by exercising acts of ownership, he had determined his election, and had a complete title to the land.

THIS was an action of *assumpsit* on three promissory notes, made by the defendant in favour of the plaintiff, dated *June* 1st, 1803, one payable 11 months after date for 10,000 dollars, one payable 23 months after date for 5,000 dollars, and the other 35 months after date for 7,549 dollars and 7 cents. The cause was tried at the *New-York* sittings, in *April*, 1815, before Mr. J. *Van Ness.*

The due execution of the notes having been admitted, the defendant produced, in evidence, a certain instrument executed by the plaintiff, which was as follows :

" Know all men by these presents, that I, *Joseph Winter*, of the city of *New-York*, Esq., for myself, &c., do covenant and agree to, and with *Edward Livingston*, of the same place, esquire, that, provided he, the said *Edward Livingston*, shall well and truly pay to me, &c., the full amount of three several promissory notes, (describing them, being the notes above mentioned,) that then, and in such case, and not otherwise, I will convey to the said *Edward Livingston*, and his heirs, in fee simple, a tract of land this day conveyed to me by *Thomas Maule*, of the city of *New-York*, being the residue of a tract of land granted to him by patent, dated, &c., after deducting 20,078 acres, conveyed, &c., which residue is said to contain 25,000 acres; but it is hereby expressly declared to be the intent of the parties hereto, that if the said several notes, or either of them, shall not be paid at the several times when they, or either of them, ought to be paid, that then this covenant shall be void and of no effect. And it is also agreed, that all such sums of money as shall be received for sales of the said lands by settlers, by an agent to be appointed, jointly, by *Joseph Winter*, *Edward Livingston*, and *Thomas Maule*, (to whom the land is mortgaged by *J. Winter*,)

shall be credited on *Winter's* bonds and mortgage to *Maule*, and on *Edward Livingston's* notes above recited. The lands, on the payment of the notes, to be conveyed free from incumbrance created by *Joseph Winter*, or any one claiming under him. In witness," &c. Signed *J. Winter*, and dated the 11th of *July*, 1803.

It appeared that *Livingston*, the defendant, being indebted to *Maule* in a large sum of money, and *Maule* holding, for the defendant's use, a tract of land on lake *Champlain*, (to which land the defendant was entitled, but the patent had been taken out in *Maule's* name,) it was agreed between the defendant and plaintiff, that the plaintiff should become responsible to *Maule* for the defendant's debt, on his receiving a conveyance from *Maule* of the said tract, but that the defendant should have a reconveyance, on his paying to the plaintiff the sum of 3,125 dollars over and above the sum due to *Maule*. The agreement, being the one above stated, was reduced to writing, and *Winter* gave his obligations to *Maule* for the sum so due, with interest, payable in six, twelve, twenty-four, and thirty-six months, and the defendant executed, and delivered to the plaintiff, the notes on which the action was brought, which fell due, except the first, each one month prior to the time fixed for the payment of the several sums to *Maule*. On the 11th of *August*, 1803, the plaintiff and defendant appointed *George Lyon* their joint agent, to contract for the sale of the land, who removed to, and resided upon or near the land, until 1807. The contracts with the settlers were made in the joint names of *Winter* and *Livingston*. In *October*, 1804, the plaintiff himself went on the land, and, whilst there, cancelled the contracts made by the agent in the joint names of *Winter* and *Livingston*, and gave deeds and took mortgages for the land conveyed, in his own name, and from that time held himself out, and acted as the sole proprietor of the land, and on the 13th of *March*, 1807, conveyed large portions of the tract to two different persons, and assigned them the bonds and mortgages which had been taken on the sale of parcels of the land included in their deeds. The judge thinking that the consideration for the notes had failed, the plaintiff was nonsuited, and it was now moved to set aside the nonsuit.

*D. B. Ogden*, for the plaintiff.

ALBANY,
January, 1816.

WILT
v.
OGDEN.

*Hoffman*, and *Anthon*, contra.

*Per Curiam.* The motion for a new trial must be denied. The facts in the case clearly show, that no consideration has been paid for the notes. Without going into a minute detail of these facts, they will, on examination, be found satisfactorily to show, that the defendant being indebted to *Thomas Maule* in a large sum of money, a patent for land, to which the defendant was entitled, was taken out in *Maule's* name; that by a subsequent arrangement between the parties, these lands were conveyed by *Maule* to *Winter*, on his becoming security for the debt which the defendant owed to *Maule*; and the notes in question were given as the consideration for the reconveyance of the land by *Winter* to *Livingston*, according to the covenant entered into between them. By this covenant, however, it was provided, that the agreement was to be void, unless *Livingston* paid his notes as they fell due. He did not pay them; and, of course, the agreement was void, if *Winter* elected so to consider it. And the case fully shows, that he availed himself of this forfeiture, for he went on and sold the land for his exclusive benefit, and *Livingston* has, therefore, received nothing for his notes; and *Winter* has a complete and perfect title to the lands.

Motion denied.