NEW-YORK,
May, 1818.

SILL
v.
ROOD.

———❖———

## SILL *against* ROOD.

In an action on a promissory note given for the price of a chattel, the defendant may, under the general issue, show deceit in the sale.

A promissory note given on the sale of a chattel, fraudulently represented by the seller to be of great value, when, in fact, it was of no value, is without consideration, and void.

THIS was an action of *assumpsit* on two promissory notes. The defendant pleaded *non assumpsit*, with notice of set-off, for goods sold, work and labour, money had and received, &c. The cause was tried at the *Onondaga* circuit, before Mr. J. *Spencer.*

At the trial, the plaintiff having proved the notes in question, the defendant offered to show, that they were given by the defendant to the plaintiff in payment for a shearing machine, and that at the time of the sale the plaintiff falsely represented the machine to be of great value, when, in fact, it was worth nothing. This testimony was objected to, on the ground that it was not admissible under the plea or notice, and was rejected by the judge. The defendant then offered to prove a breach of warranty as to the value and utility of the machine ; which testimony was objected to, and excluded on the same ground ; and the judge ruled, that neither the fraud nor breach of warranty, although they went to take away the plaintiff's whole cause of action, could be given in evidence under the plea of *non assumpsit*, without notice. A verdict was found for the plaintiff for the amount of the notes, and the defendant now moved for a new trial.

The case was submitted to the court without argument, on a reference to authorities.

*Per Curiam.* The only question in this case is, whether, under the plea of *non assumpsit*, it is competent to give in evidence that the note was fraudulently procured, or that it was given without consideration. The evidence offered, and which was excluded, was, that the notes in question were given in payment for a shearing machine sold by the plaintiff to the defendant ; that the plaintiff made certain representations with respect to the usefulness of the machine, which were utterly false, and that known to him at the time ; and that the machine was, in fact, worth nothing, and totally useless. This evidence was overruled, on the ground that a special plea or notice under the general issue was necessary in order to let in such defence. The cases on this subject do not seem to warrant so rigid a rule. The rule as laid down by *Chitty*, (1 *Chitty Pl.* 472.) and which is sanctioned by adjudged cases, is, that under the general issue of *non assumpsit* any matter may be given in evidence which shows that the plaintiff *never* had cause of action ; and that under that plea most matters in *discharge* of the action, which show that at the time of the commencement of the suit the plaintiff had no subsisting cause of action, may be taken advantage of under the general issue. This rule has been expressly sanctioned by the court in the case of *Wilt* v. *Ogden*, (13 *Johns. Rep.* 56.) If the notes in question were procured upon such fraudulent representations, they were utterly void, and without consideration, and there never was any cause of action. The case of *Runyan* v. *Nichols*, (11 *Johns. Rep.* 547.) was not like the present : the defence there set up was considered as going only to reduce the amount of the plaintiff's claim, and not to destroy the cause of action entirely.(a) It was a case peculiar in its circumstances, and

NEW-YORK,
May, 1818.

SILL
v.
ROOD.

(a) That was an action by an attorney to recover his costs, and the defendant offered to show negligence in the conduct of the suit. In *Templer* v. *M'Lachlan*, (5 *Bos. & Pull.* (2 *N. R.*) 136.) such a defence was not allowed under the general issue, though *Mansfield*, Ch. J. seemed to think that it might be admitted, if the negligence was so great as to deprive the defendant of all benefit from the suit. In *Mills* v. *Bainbridge*, there cited by *Shepherd*, arguendo, Lord *Ellenborough* is said to have ruled, that in an action for freight of goods, the defendant could not give in evidence the injury the goods had sustained by bad stowage, but must resort to his cross action. There can be no doubt, that if admissible at all as a defence, it may be made under the general issue in *assumpsit* ; but the difficulty is, that by admitting such a defence the plaintiff may, in some cases, be taken by surprise, contrary to the just

NEW-YORK, cannot be considered as establishing any general rule. The
May, 1818. verdict must be set aside, and a new trial awarded, with costs,
Sill to abide the event of the suit.
v.
Rood.

New trial granted.

principle of *pleading*, which requires that the facts on which the party relies should
be stated so as to apprise the opposite party of what is meant to be proved, in order
that he may be prepared to answer or contest it. (1 *Chitty Pl.* 215. 472.) In *Basten
v. Butler*, (7 *East*, 479.) which was an action for work and labour, &c. Lord *Ellen-
borough* seemed to think that there was a distinction between an action for a specific
sum agreed on, and where the plaintiff proceeded on a *quantum meruit;* that in the
latter case, the plaintiff must come prepared to prove that he has not only done the
work, but that he ought to have so much for it, and, therefore, could not be surpris-
ed by such a defence. But *Lawrence*, J. thought that even in the first case the de-
fendant ought to be let into the defence, if he had given the plaintiff notice that he
meant to dispute the goodness or value of the work done. And *Le Blanc*, J. was of
opinion, that in either case, the plaintiff ought to come prepared to show that he had
done his work properly according to his contract. In *Farnsworth.* v. *Garrard*, (1
*Campb. N. P. Rep.* 38.) Lord *Ellenborough* said, there had been considerable doubt
on this point, and that he had ruled in deference to the authority of Mr. J. *Buller*, (7
*East*, 480, 481. *notes.*) but having since conferred with the judges, he considered the
correct rule to be, that if there has been no beneficial service, there should be no pay ;
but if some benefit has been derived, though not to the extent expected, it should go
to the amount of the plaintiff's demand, leaving the defendant to his action for *negli-
gence.* In *Fisher* v. *Samuda*, (1 *Camp. N. P. Rep.* 190.) which was an action by a
buyer against the purchaser to recover damages for the bad quality of the article
sold as sound and good, and who had been sued for the price by the seller, and made
no defence, but suffered judgment to pass by default, Lord *Ellenborough* said the
plaintiff ought to have made his defence in the original action, and given in evidence
the bad quality of the article supplied, either in answer to the whole demand, or in
abatement of the damages. That where there is an opportunity to do final and com-
plete justice between the parties, there ought not to be a second, or cross-suit. (*Et
vide Dickson* v. *Clifton*, 2 *Wils.* 319. *Brown* v. *Davis, Duffet* v. *James, King* v. *Barton,
Cormach* v. *Gillis*, cited 7 *Term Rep.* 480, 481. and notes, and 1 *Campb.* 40. notes.
*Beecker* v. *Vrooman*, 13 *Johns. Rep.* 302. *Jones* v. *Scriven*, 8 *Johns. Rep.* 453. *Grant*
v. *Button*, 14 *Johns. Rep.* 377.)