### LLOYD v. JEWELL & al.

In an action upon a promissory note given for the purchase-money of land conveyed by deed with the usual covenants of seisin and warranty, the action being between the original parties, it is not competent for the defendant to set up, by way of defence, a partial or total failure of title, or a want of title in the grantor at the time of the conveyance.

And where the deed contained an express condition that upon the breach of any covenant therein, the damages might be payable by cash to the amount received in money, and the residue by delivering up such of the grantee's notes for the consideration as should remain unpaid; in an action upon one of such notes, some having been paid and others still due, the defendant was not permitted to shew a breach in the covenant of seisin as to parcel of the land, to the value of the note declared on.

THIS was *assumpsit* upon a promissory note dated *December* 23, 1814, for the sum of $166,67 made by the defendants and payable to the plaintiff or his order in four years from the date; to which the defendants pleaded the general issue.

At the trial of this issue the defendants offered in evidence a deed from the plaintiff to them, of even date with the note declared on, the consideration of which was six promissory notes, of which the note in suit was one, and which, being each for the same sum, amounted in the whole to a thousand dollars, of which three had been paid. The deed contained the following covenants, viz :—" And I do covenant with the said *Jewell* and *Man-* " *uel* their heirs and assigns that the premises aforesaid are free " of all incumbrances by me made, that I have good right to " sell and convey the same to the said *Jewell* and *Manuel* as " aforesaid, and that I will warrant and defend the same to " the said *Jewell* and *Manuel* their heirs and assigns forever, " against the lawful claims and demands of any person other " than the said *Jewell* and *Manuel* their heirs and assigns; Upon " condition that the said *Jewell* and *Manuel* their heirs and as- " signs shall not demand *or receive* of the said *James Lloyd* his " heirs, executors, or administrators by virtue of the grant or " covenant aforesaid either express or implied, and for the " breach or non-performance of the same, *any greater or further* " *sum* than the amount of *the consideration aforesaid* with interest " thereon after two years, payable in cash to the amount receiv-

Lloyd v. Jewell & al.

" ed *on said notes and the residue by delivering up to be cancelled*
" *such of the aforesaid notes as may remain unpaid*".

The defendants then proved that to a specific part of the
premises described in the deed, the plaintiff, at the time of mak-
ing the conveyance, had not any title ; but the same was, and
still continued to be, in the actual possession of a stranger who
was the lawful owner ; so that no title to this parcel passed by
the deed to the defendants.   They also proved that this specif-
ic parcel, being estimated by the price they gave for the whole
premises, was of the just value of $191,10, being more than the
amount of the note declared on.

To the admission of this evidence the plaintiff objected ; but
the Judge who presided at the trial of this cause, for the pur-
pose of presenting the question to the whole Court, overruled
the objection, and a verdict was returned for the defendants.

The plaintiff thereupon moved for a new trial, for the follow-
ing reasons, viz :

1. Admitting there had been a failure of title to any part of
the premises described in the plaintiff's deed, the defendants
must resort to the covenants in the deed, and ought not to be
permitted to go into the title by way of defence to this action.

2. If the defendants may set up the facts proved by way of
defence to the notes, yet it appears that there are two notes,
beside the one in suit, still remaining due and unpaid ; which
notes amount to a much larger sum than the deficiency proved,
and by the true construction of the covenants in the deed the
defendants must first pay for so much of the premises as they
have good title, and then, for the sum remaining due, they may
set up the deficiency in quantity by way of defence.

*R. Williams*, being about to argue for the plaintiff in support
of his motion, was stopped by the Court.

*Allen, for the defendants.*

Public policy dictates that the defence should be made in
*this* action, if it can be done consistent with the rules of law, as
circuity of action will thereby be avoided.   The rule that the
consideration of a note of hand may be inquired into, as be-
tween the original parties, has been too long established to be
brought now in question.   But it is said that the covenants in

the plaintiff's deed form a consideration for the note, to which the defendants must resort for their remedy. The question, however, is not whether the defendants might not have a remedy on the covenants, but whether they are so confined to that remedy that they cannot offer the defence here. Courts have latterly been inclined to permit a defence to be set up in certain cases where there was another remedy, though the older opinions were otherwise. *Everett v. Gray,* 1 *Mass.* 101. *Taft v. Montague,* 14 *Mass.* 282. *Barton v. Butler,* 7 *East* 479. *Sill v. Rood,* 15 *Johns.* 230. 1 *Campb.* 190. *Winter v. Livingston,* 13 *Johns.* 54. In *Bliss v. Negus,* 8 *Mass.* 46. the Court strongly intimate their opinion against the objection to such a defence. But *Frisbee v. Hoffnagle,* 11 *Johns.* 50. is expressly in point. It was an action on a note, the consideration of which was a deed of a tract of land with a covenant of warranty ; and the defendant was permitted to prove that there had been a failure of title. And though the defendant had never been evicted or disturbed, the Court held that the defence was good, observing that to allow a recovery in this case would lead to a circuity of action, for the defendant on this failure of title would be entitled immediately to recover back the money. So in debt for rent where there is a lease for a term of years, and the lessor covenants for quiet enjoyment, the defendant after being evicted by a paramount title may plead in bar that the plaintiff had no title to the premises leased, notwithstanding he might have a cross remedy by action on the covenant. *Haines v. Maltby,* 3 *D. & E.* 438.

The peculiar terms and stipulations contained in this deed are of a nature to remove the objection relied on. The notes are particularly described in the deed as forming the consideration, and the covenant is to pay for any defect of title *by cancelling notes if they should remain unpaid at the time of the breach.* By this reference in the deed, to the notes, they become as one instrument, and this renders it proper that when an action is founded on one part, the other should be received in evidence.

The inconvenience arising from trying the title to real estate in an action brought to recover the consideration-money, is imaginary ;—it is no greater than arises from trying the title to personal estate in an action on a note given for its value, which

is a case of frequent occurrence. Special pleading may always be resorted to, whenever it is desirable to prove by the record the precise nature of the subject in controversy. The record in this case, with those averments which it would be competent for the plaintiff to make and prove, would be a bar to any action which the defendants might bring on the covenants, which would be virtually, in the terms of the deed, "giving up the notes to be cancelled."

Nor is the objection that the evidence does not apply to *this*, but to the *last* note, of any more validity. *That* would be altering the terms of the credit from six to five years, in consequence of a breach of the plaintiff's own covenant. We contend that it is at the defendants' election to apply this evidence to either note. But if the election was with the plaintiff, he has waived it by not exercising it, and thus has given the right to the defendants. The other notes may be transferred to *bona fide* indorsees, without notice, and thus the defendants be deprived of that equitable offset which justice obviously requires, and which the parties themselves intended, as is evident from the stipulations in the deed.

*R. Williams, for the plaintiff.*

Public policy does not seem to require that the defendants be admitted to this defence. On the contrary numerous mischiefs would result from it. It is true in general that mutual demands may be set off against each other; but this doctrine has never been extended beyond mutual *assumpsits.* Nor could a judgment for the defendants in this action be a bar to an action on the covenants in the deed. For how could the present plaintiff avail himself of it? It would not be an *accord,* for a judgment is rendered *in invitum ;*—nor a *satisfaction,* because nothing would be *paid ;*—neither would it be an *extinguishment* of the covenant, because no security would be given by the defendants to the plaintiff, of as high a nature as the deed. 3 *East* 252. Neither would the record shew to *which* covenant in the deed the matter of this defence was applied. And if the defendants should aliene the land, and their grantee be evicted from the parcel in question, the plaintiff would be liable a second time, to such grantee, as assignee of the covenants. This defence also goes to abridge the plaintiff's remedy against his

warrantor, by depriving him of the right of voucher; for even if he should *notify* his warrantor of the pendency of this suit, the record could be no evidence in a subsequent action against him.

As to the question to *which* note the covenant should apply, *this* is at the election of the plaintiff. If his covenant is broken, he is to pay the damages in notes or money, at his own election ; and if he elect notes, it is with him to choose which of them he will deliver up.

*Orr, in reply.*

The case finds that the plaintiff's covenant was broken at the moment it was made, there being an actual adverse occupancy of part of the land. The plaintiff instantly became *debtor* to the defendants, to the amount of the incumbrance. The covenant being thus broken, of which the plaintiff was *bound to take notice,* he had an election in what manner to pay the damages ; but he should have elected *immediately,* and notified the defendants, tendering the notes or money to the value of the breach. Such a tender might have been shewn in bar to an action on the covenant. But where the debtor has an election which he neglects to make, it results to the creditor, who may make it, even at the time of trial ; and such election the defendants now make, by insisting on the right to set off the damage against the note in suit.

MELLEN C. J. delivered the opinion of the Court at the succeeding term in *Cumberland,* as follows.

In the argument of this cause several questions were presented for consideration, which may be resolved into the three following.

1. In an action on a promissory note, payable at a given day, brought by the promissee or his representatives against the maker or his representatives, given for the price of real estate conveyed by the promissee to the promissor by deed containing the usual covenants of seisin and warranty, is it competent for the defendant to shew by way of defence a total or partial failure of title, or want of title in the grantor, at the time of his making the conveyance ?

2. If not, then is it competent for the defendant in this case to

do it, in consequence of the special language of the plaintiff's covenants in his deed as to the limitation of his liability in damages, and the mode of paying them ?

3. If so, is it competent for him to avail himself of any advantage from the special language of the covenants in an action on the *particular note sued in this case ;* two *other notes,* given at the same time, and for part of the consideration of the land sold, still remaining due, and not yet demanded ?

As to the *first point,* we would observe that for a long series of years the practice in *Massachusetts* has proceeded upon the principle that the covenants in the deed of conveyance, or, if no deed had been given, but only a bond or covenant *to give a deed,* then *such* bond or covenant constituted a good and valuable consideration for the note, and of course a want or failure of title would be no legal defence to an action on such note; and we had considered such to be the true principle of law in relation to this question; but the cases decided in *New-York* cited from *Johnson* by the counsel for the defendants, in which such a defence was considered substantial, have induced us to look carefully into those cases, and to examine the point with more attention, respecting, as we do, the high character and learning of the Court which pronounced those decisions.

It is a principle of law, universally acknowledged, that *assumpsit* will not lie where the debt is due by *specialty,* for in such case the specialty ought to be declared upon. *Bul. N. P.* 128. It is equally clear that if a debt due by simple contract be afterwards secured by specialty, the original cause of action is merged. Hence it is plain in the case before us, that whatever claim the defendants have upon the plaintiff is secured by the covenants in his deed ; and if they can avail themselves, in *this action of assumpsit,* of the failure of title by way of defence, it is more than they could do in character of plaintiffs demanding damages. These propositions require no authorities to support them. It is also plain that the defence proposed cannot be made by way of set-off against the plaintiff's demand ; because our statute upon this subject is not so broad as the *English* statute, and does not in any case authorize a defendant to set off a debt secured by a specialty or a promise in writing.

Where there are several covenants, promises, or agreements,

which are independent of each other, one party may bring an
action against the other, without averring performance on his
part, and it is no cause for the defendant to allege in his plea a
breach of the covenant on the part of the plaintiff.   1 *Saund.*
320. *note* 4.    *Yelv.* 134. *note* 1. *and cases there cited.*   In those
cases in the books in which the question was whether the prom-
ises or covenants were mutual and independent, or dependent,
the contract or undertaking *on both sides* was of the same char-
acter and grade ;—not *covenant* on one side, and *assumpsit* on
the other, as in the case at bar.   Another well established rule
of construction is that the intent of the parties, and not the
mere arrangement of the words, ought to govern.   1 *Saund.*
320. *note* 4.   Thus, if a day be appointed for payment of mon-
ey, and the day is to happen, or may happen *before* the thing
which is the consideration of the money is to be performed, an
action may be brought for the money when payable, and *before*
performance; for it appears the party relied on his remedy,
and did not intend to make the performance a condition prece-
dent. *Same note* 4.   In the case supposed in the point under
consideration, the note is payable on a certain day; and yet
the covenant to warrant and defend *might* not be broken for
many years after.   Another objection against allowing, the de-
fence proposed in an action on the note arises from the *amount*
of damages which may become due in consequence of the fail-
ure of title to the lands conveyed.   By our law, in case of evic-
tion, the grantee or his assignee, as the case may be, is entitled
to recover the value of the lands *at the time of eviction.*   This
*may be twice* the amount of the consideration secured by the
note,—and it may be *not half* that amount.   Hence also the
propriety of considering each contract separately and inde-
pendently of the other, so that each may have its proper oper-
ation and no more, and both parties be subjected to their re-
spective legal liabilities, according to the principles laid down
in *Boon v. Eyre,* 1 *H. Bl.* 273. *n.* 1. and *Duke of St. Alban's v.
Shore, ib.* 270.

It has been urged that public policy requires that the pro-
posed defence should be allowed, and several cases have been
cited to support this argument.   In the cases of *Everett v. Gray*
and *Taft v. Montague* the defence grew out of the unfaithfulness

of the work for which the plaintiffs were seeking compensation; and so not like the present. In 3 *D. & E.* 438. the covenant of the plaintiff with the defendant amounted to nothing; it gave him no remedy against the plaintiff, and the permission to the defendant to use the patent frame, gave him no rights. It was not a new invention, and the whole was a fraud. The case of *Bliss v. Negus* was *assumpsit* on a promissory note, given for the assignment of *all the plaintiff's right* under a certain patent, with a covenant to warrant *the same* to the defendant; and it was proved that the plaintiff *had no right*, and that nothing passed by the assignment; and there being nothing on which the covenant could operate, it was a dead letter, and could not form a consideration for the note. The case of *Sill v. Rood*, 15 *Johns.* 230. only decides that in an action on a promissory note given for a chattel, the defendant may shew deceit in the sale, under the general issue. *Frisbie v. Hoffnagle*, 11 *Johns.* 50. was an action of trover for certain promissory notes given for lands purchased, the title to which had wholly failed; and the Court decided that the consideration for the notes had also failed, though the lands were conveyed with warranty. This case is admitted to be, in principle, directly in point for the defendants; but on examination of the cases of *Morgan v. Richardson*, 1 *Campb. N. P.* 40 *note. Tye v. Gwynne*, 2 *Campb.* 346. and *Barber v. Backus, Peake's Ca.* 61. all which are cited at the end of *Frisbie v. Hoffnagle*, it will be found that they are totally different from that case in principle and do not in any degree support it. They related merely to an alleged failure of the whole or a part of the consideration of bills of exchange given for articles which were defective. The other case cited for the defendant was *Winter v. Livingston*, 13 *Johns.* 54. That was *assumpsit* on three promissory notes signed by *Livingston* for the price of a tract of land. About a month after the date of the notes *Winter* covenanted with *Livingston* to convey the land in fee simple to him, on the *express condition that the covenant should be void* if several notes should not be *paid* at the times they should respectively become *due.* They were not paid. The Court, in delivering their opinion, say—" By this covenant, how-" ever, it was provided that the agreement was to be void, unless " *Livingston* paid his notes as they fell due. He did not pay

" them; and of course the agreement was void, if *Winter* elect-
" ed so to consider it; and the case shows that he availed him-
" self of this forfeiture, for he went on and sold the land for
" his exclusive benefit; and *Livingston* has therefore received
" nothing for his notes, and *Winter* has a complete and perfect
" title to his lands." It is clear that this case does not in any
degree support the principle it was cited to establish. The
only authority, then, opposed to the principle which has been
so long recognized in *Massachusetts* is the case of *Frisbie v.
Hoffnagle*, and that is an insulated case.

In the case of *Fowler v. Shearer*, 7 *Mass.* 14. the action was
founded on a promissory note, and the defence was a want of
consideration. The note was given in payment for land con-
veyed by a married woman alone, with covenants in the usual
form. The only consideration pretended, was this deed by
which nothing passed; and *Parsons C. J.* said—" the defendant
" cannot derive any advantage from any *covenant* in the deed.
" She is not answerable on any of her covenants; I do not
" *therefore* see any consideration sufficient to support this prom-
" ise." It is evident that if the covenants had been *good* and
*binding* they would have been a good consideration for the
note. The case of *Smith v. Sinclair*, 15 *Mass.* 171. recognizes
and proceeds on the principle that the bond to convey the tract
of land for which the note declared on was given, constituted a
good consideration for the note, though there was a partial fail-
ure of title by a previous mortgage. And in addition to the
authority of these decided cases it may not be improper to
notice the argument *ab inconvenienti* urged by the counsel for
the plaintiff. It is certainly unusual to try the title to real es-
tate in actions of *assumpsit;* and in the present case, should
the defence be allowed, and the sum now sued for not be re-
covered, but *in evidence* set off against the breach of one of the
covenants in his deed; the record would disclose no facts on
which the plaintiff could found his action against his warrantor
for reimbursement. These, to say the least, are great incon-
veniences; which may all be avoided by a steady adherence
to settled principles, in preference to consulting individual con-
venience, or merely preventing circuity of action.

With respect, therefore, to the *general question* which we have
been considering, we all agree in deciding it in the negative.

As to the *second question*, whether the *general* principle is changed by the special language in the covenants on the part of the plaintiff, we are well satisfied that it is not. The clause relied on by the defendant was introduced for the benefit of the plaintiff, and the object was to limit his accountability, whatever might be the consequences as to the title, and reserve to himself the liberty of paying the damages which might be recovered against him, in the defendant's own notes in whole or in part, provided they should not have been paid at the time of such recovery of damages. Viewing the *special provision* in this manner, it is clear that the defendant has no rights reserved *to him* by it; and upon no fair construction can it be considered as dispensing with the rules of evidence, or altering the principles of law in the decision of the merits of the cause.

It has now become unnecessary to decide the *third question* before proposed; though we are inclined to believe that if the defence offered could be made in any form against *either* of the notes, the plaintiff might elect to have the damages paid by giving up one of the *other* notes : so as to avail himself of the costs of this action, which was properly commenced. But on this point we give no opinion.

We are all agreed that the evidence on which the defence prevailed was improperly admitted, and accordingly the verdict must be set aside and a new trial granted.