## MANNING *vs.* BROWN.

By articles of agreement between A. and B. the former covenanted to convey to the latter a certain lot of land, if certain notes given at the same time, payable at a future day, should be paid at maturity by B.; and by said articles it was therein further agreed, that on failure of payment of said notes by B. the agreement was to be void — B. to be liable to pay all the damages that should thereby have occurred to A. — and to forfeit all that should previously have been paid. In a suit on one of the notes, it was held that the promise on the notes, and the promise or covenant to convey, were independent, and that a suit on the former might well be maintained without showing a conveyance or offer to convey.

But by enforcing payment of the notes, the plaintiff waived the right to avoid his covenant to convey. It was at his election to do this, or to relinquish his right to compel payment of the notes, and hold the defendant answerable on his covenant to pay all damages.

ASSUMPSIT, on a promissory note of hand for sixty dollars, dated *Sept.* 19, 1828, and payable to the plaintiff's testator *Richard Manning,* or order, as agent for the heirs of *Richard Manning,* late of *Salem,* deceased, in one year and four months. The general issue was pleaded and joined.

The defendant, to maintain the issue on his part, produced and read the following articles of agreement, *viz.*

" *Articles of Agreement* made and concluded this 19th of " *Sept.* 1828, by and between *Richard Manning* of *Raymond* " in the county of *Cumberland,* agent to superintend and man- " age the sale of lands belonging to the heirs of the estate of " *Richard Manning,* late of *Salem, Massachusetts,* deceased, " the said agent in behalf of said heirs of the one part, " and *Daniel Brown* of *Raymond* aforesaid, of the other part, " — Witnesseth, that the said parties hereby covenant and agree " each with the other as follows, the said *Daniel Brown* to " purchase of said agent the following described lot of land, " *viz.* — The lot numbered two, in the tenth range of lots in " *Raymond* aforesaid, containing one hundred acres, be the " same more or less, according to the survey and plan taken by " *Nathan Winslow,* and accepted by the proprietors of *Ray-* " *mond, March* 17, 1791. And the said *Daniel Brown* has

" given his notes to said agent, of the same date of this agree-
" ment, payable to him or order, for the sum of one hundred
" and sixty dollars, for the purchase or consideration for said
" lot of land, *viz.* one note for $60 — and two for $50 each,
" payable in one, two and three years and four months, interest
" annually. *And the said agent in behalf* of said heirs doth
" agree, that *if said Daniel Brown shall pay, or cause to be*
" *paid, to said agent or his successors in office, the above-*
" *mentioned sum and interest, according to the tenor of said*
" *agreement, then said Daniel Brown shall be entitled to a*
" *good and sufficient deed of the above described lot of land*
" *— but it is now understood and agreed, by and between*
" *both parties, that in failure of the above payments this*
" *agreement is to be void and of no effect, and the said Brown*
" *to pay all damages that shall arise in consequence of hav-*
" *ing said land in possession, and all that he shall have paid*
" *to be forfeited,* otherwise to remain in full force and virtue."

It was admitted or proved that, the note declared on was one
of the three named in the agreement, neither of which, or any
part of them, had ever been paid, all of them remaining in the
hands of the plaintiff or his attorney, and all being due prior
to the commencement of this suit.

The defendant insisted, to the jury, that on the true and le-
gal construction of said agreement, and from the facts admitted
and proved, he ought not to be held to pay said notes. But
*Whitman C. J.* in the Court of Common Pleas, where the cause
was tried, instructed the jury that the writing produced by the
defendant was still in force, and was no bar to the present ac-
tion, and that their verdict should be for the plaintiff, which
was returned accordingly. To this opinion and direction the
defendant took exceptions, on which the cause was brought to
this Court.

*Eveleth,* for the defendant, cited *Winter v. Livingston,* 13
*Johns.* 54, and *Johnson v. Reed,* 9 *Mass.* 80.

*J. Adams,* for the plaintiff.

Manning *v.* Brown.

The opinion of the Court was delivered by

PARRIS J. — The defendant gave the plaintiff's testator three several notes, payable at different periods, each of which had become due at the commencement of this action. The defence rests upon the construction of certain articles of agreement entered into between the parties at the time of giving the notes, and which, the defendant contends, shews a conditional contract, and on his part entirely optional. The notes are particularly described in the articles of agreement, and the whole, having been executed at the same time and constituting the same transaction, are to be construed together.

The consideration of the notes is the covenant on the part of the promisee, that on their payment the promisor shall be entitled to a deed of a certain lot of land. For the defendant it is insisted, that the contract is conditional and dependent, and therefore he is not liable on the notes. If it were conditional on his part, that is, if his promise to pay was conditional, depending on the prior performance of some act on the part of the promisee, which had not been performed the position would unquestionably be sound. That such was not the intention of these parties is manifest from the agreement on which the defendant relies. By that, the payment of the notes by the defendant is a condition precedent to his becoming entitled to a deed. His promise to pay is absolute ; — the plaintiff's promise to give the deed is conditional, and it is not for the former to avoid his absolute promise because he has accepted, as a consideration therefor, the conditional promise of the plaintiff.

We find nothing in the case of *Johnson v. Reed, 9 Mass.* 78, which supports the construction put upon this agreement by the defendant. On the contrary, the Court, in that case, manifest a determination to look to the true intent of the parties, as apparent in the instrument, to determine whether covenants or promises are independent or conditional ; and courts generally, at the present day, are more anxious to give effect to the intentions of the contracting parties, and not by refined and subtle distinctions, and an adherance to quaint technicalities, to outrage common sense and decide contrary to the real meaning of the parties and the true justice of the case. *Platt on Covenants,* 72 — 80.

The defendant further contends that the agreement has been rescinded and annulled in consequence of his neglecting to pay the notes, and he relies upon the concluding clause in the agreement, which is in these words, "It is understood and agreed "by and between both parties, that in failure of the above pay-"ments, this agreement is to be void and of no effect, and the "said *Brown* to pay all damages that shall arise in consequence "of having said land in possession." What is to be void upon the failure of the payment? Not the notes, but the agreement by which the plaintiff's testator covenanted conditionally to give a deed.

But if he enforces payment, he waives the right to avoid this covenant. He has the election, either to compel payment of the notes and be answerable on the covenant to give a deed, or waive his right on the notes and hold the defendant answerable under his covenant to pay all damages. He takes the former course, and, if he succeed in enforcing payment, the defendant may resort to his remedy under the agreement. 2 *Hovend. on Fr.* 19; *Brashier v. Gratz,* 6 *Wheat.* 528; *Bank of Columbia v. Hagner,* 1 *Peters,* 455; *Hepburn v. Auld,* 5 *Cranch,* 262.

The defendant relies on *Winter v. Livingston,* 13 *Johns.* 54. That case resembled the one before us in many of its features. *Livingston* gave notes to *Winter* and took from him a bond covenanting, among other things, to convey certain real estate on payment of the notes, with an express declaration of the intention of the parties, that if either of the notes should not be paid, when it became due, the covenant of *Winter* to give a deed should be void. The notes were not paid, and *Winter* took possession of the land. The Court say, "The "notes in question were given as the consideration for the re-"conveyance of the land by *Winter* to *Livingston,* according "to the covenant entered into between them. By this cove-"nant, however, it was provided that the agreement was to be "void, unless *Livingston* paid his notes as they fell due. He "did not pay them, and of course, the agreement was void, "*if Winter elected so to consider it.* And the case fully "shows that he availed himself of this forfeiture, for he went "on and sold the land for his exclusive benefit." — Not so in

the case at bar. *Manning* did not elect to consider the agreement void. He did not enter into or sell the land, but permitted the defendant to retain the undisturbed possession. — He has not, therefore, availed himself of the forfeiture, but, by enforcing payment of the notes, has waived it. There was a good and legal consideration for them when they were given and that consideration has neither failed or been cancelled.

The exceptions are overruled, and judgment is to be entered on the verdict.