White, J.
Tbe general question in this case is, whether an action is authorized to be brought to recover tbe unpaid purchase-money of school lands sold under tbe act of April 16, 1852, regulating tbe sale of such lands. 2 S. & C. 1339.
This question was answered in tbe negative by tbe court of common pleas, and by the district court; and this ruling is alleged to be justified on substantially the following grounds:
1. Tbat tbe purchase of tbe land by tbe defendants imposed upon them no personal liability to pay tbe deferred installments of tbe purchase-money.
*312 2. That the remedy provided by section 15 of the act for sale and forfeiture, is exclusive. •
Section 15 is as follows: “If any purchaser or lessee shall fail to make any payment on any tract of land for the space of twelve months after the same shall become due and payable, the auditor of the proper county shall forthwith proceed to sell such tract or tracts of land, with all the improvements thereon, at the door of the court-house, to the highest and best bidder therefor, in cash—having first given notice of the time and place of such sale ; . . and on such sale no bid shall be entertained for a sum which will not be sufficient to pay all the purchase-money due the state, and all expenses incident to such sale; and in case said premises can not be sold for that amount, they shall revert to the state in trust for said township.” The section further provides for the disposition of the lands after they shall have been “ so forfeited.”
"When the original action was commenced, the time had elapsed at which the auditor was required to offer the lands for sale; and when, if they failed to sell for sufficient to pay all the purchase-money due and the expenses, they would revert to the state. But whether they had in fact been offered, and had reverted, the petition does not show. If the land had been forfeited to the state, it is quite plain, upon geueral principles, that all future liability of the purchaser for unpaid purchase-money would have ceased and determined. Small v. The H. M. & H. Co., 2 Comstock, 330; Winter v. Livingston, 13 Johns. 54.
But, assuming that the land has not reverted to the state, the question is, whether, in addition to the remedy provided by section 15, the statute authorizes a concurrent remedy by action to recover the balance of the purchase-money.
It seems to us it does not. In the absence of section 15, a remedy by action might be implied; but the provisions of that section are inconsistent with the existence of such concurrezit remedy.
*313 No discretion is vested in the auditor by the statute to ■elect between remedies.
The imperative language of the statute is that “ if any purchaser . . . shall fail to make any payment on any tract of land for the space of twelve months after the same ■shall become due and payable, the auditor . . . shall forthwith proceed to sell such tract or tracts of “lands, with ■all the improvements, . . . and on such sale no bid shall be entertained for a sum which will not be sufficient to pay all the purchase-money due the state, and all expenses incident to the sale ; and in case said premises can not be sold for that amount, they shall revert to the state in •trust for said township
"Where authority is vested in a public officer, and the mode is prescribed for exercising the authority, that mode must be followed. Hence, it seems to us, there is no authority in the statute for instituting an action against the purchaser, in the name of the state, or otherwise, for the recovery of the purchase-money. That such a suit could not be instituted by the beneficiaries, without statutory authority, was ■decided in the case of the Trustees of Green Tp. v. Campbell et al., 16 Ohio St. 11.
In the other grounds relied on in support of the judgment we are not inclined to concur. The proposition is that, by the terms of the sale, no personal liability was incurred by the purchaser to pay the purchase-money; consequently, if the state should by legislation authorize such ■suit to be brought, it could not be maintained.
The correctness of this proposition depends on whether, upon the true construction of the statute, section 15 became so incorporated into the terms of sale as to become between the state and the purchaser the exclusive remedy; or whether it is not, under the contract of sale, on the part ■of the state, an optional remedy merely; but, as respects the auditor, and .as between him and the state, constituting the only remedy which he has been authorized to pursue.
We are hot prepared to say that the legislature may not *314 modify or repeal section 15, and yet enforce the contract of sale against tbe purchaser, where there has been no forfeiture, if it should see proper to do so.
There are strong reasons growing out of the nature of the sale why this ought to be so.
Where the chief value of the lands consists in its timber or minerals, this value, owing to the long payments allowed by the statute, might be destroyed before any considerable part of the purchase-money would be paid.
It is also to be observed that lessees, who are personally liable for rents, are allowed to surrender their leases on the ground of becoming purchasers of the fee at its valuation, and that they and the purchasers at public sale of uuleased lands, are placed by the statute on the same footing. If there is no personal liability on the part of one to pay the purchase-money, there is none on the part of the other.
A final decision of this question is not, however, required in the present case, and we make these observations tO' guard against being understood as holding that the remedy by sale and forfeiture, provided in section 15 of the statute, is the only remedy for the collection of the purchase-money, which it is competent for the state to adopt.

Judgment affirmed.