ever be rendered against the property itself.    Therefore, to repeat again what was said in Morton v. Tucker, 145 N. Y. 248, 40 N. E. 3:

"The sureties in the bond intended, and must be understood as undertaking, to pay the amount which it should be adjudged was due and owing to the plaintiffs, and which was chargeable against the property by virtue of their notice of the lien.  In other words, the condition was for the payment of any judgment which might have been rendered against the property had not the bond been given."

The judgment appealed from must be affirmed, with costs.    All concur.

(17 App. Div. 405.)

### HARRELL v. BONFILS IMP. CO.

(Supreme Court, Appellate Division, First Department.    May 7, 1897.)

PLEADING AND PROOF—ADMISSIBILITY OF EVIDENCE.

The complaint in an action for brokers' commissions alleged that plaintiff performed services of a specified value in obtaining tenants for defendant's store.    The answer denied the value of the services, and denied the allegations contained in certain paragraphs of the complaint, but did not contain a general denial.    *Held*, that defendant could not show, under such pleadings, that plaintiff was also employed by the tenants.

Appeal from trial term, New York county.

Action by Claudius E. Harrell against the Bonfils Improvement Company.    From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.    Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Herbert Barry, for appellant.
George C. Lay, for respondent.

O'BRIEN, J.    The action was brought to recover a sum claimed as commissions upon the leasing of certain store property.    The issue presented by the pleadings was narrowed down to a question as to whether the plaintiff agreed absolutely for 1 per cent. commission to procure a tenant, not only for the Fifth avenue property, but also for another piece of property in Nineteenth street.    Upon this question as to the nature and extent of the contract there was a conflict of evidence, which has been settled by the verdict of the jury; and, there being no such preponderance of evidence as would justify our interfering with such verdict, it is conclusive.    This is practically conceded by the appellant, who places his main reliance upon errors which he claims were made by the learned trial judge in excluding evidence as to alleged double commissions.    The defendant sought to show that, although entitled to have the plaintiff render services exclusively on its behalf, he was also secretly acting as agent for Dodd, Mead & Co., the tenant who took the property, and was receiving commissions from them upon the same transaction.    Upon the defendant's version of its contract with the plaintiff, it was entitled to rely upon him, as its agent, to use his best efforts exclu-

sively in its interest, and a retainer from the other contracting party was a breach of faith which would deprive the plaintiff of the right to claim any commissions. The ground upon which evidence to show the double employment was excluded, as shown by the language of the court, was that this was not pleaded, and, therefore, that the evidence could not be admitted. If, under the pleadings, such evidence was competent, then unquestionably the propriety of its exclusion is squarely raised by the defendant's exceptions. The complaint, in its third paragraph, among other things, alleged that "the plaintiff did perform work, labor, and services, and did obtain for the defendant tenants for said store," and in another paragraph states the value of such services. The answer, besides denying the value of the services, denies "the allegations contained in the paragraphs numbered second and third of the complaint herein, except so far as the matters therein contained are hereinafter specifically set forth." Subsequently the answer sets forth the contract with the plaintiff for renting the store and basement of the Fifth avenue property, and also the Nineteenth street property, and that the plaintiff was to receive as total compensation a single commission of 1 per cent. for renting both pieces of property. The appellant insists that this form of answer puts in issue the allegations of the complaint as to the performance by plaintiff of his duties as a broker, and as to the value of his services, and that upon this issue the evidence excluded was relevant and proper. We do not think, however, that in this contention the appellant can be supported, because the defendant has not interposed a general denial, nor pleaded the general issue; its denial of employment and performance being only made in a qualified manner, is to be taken in connection with the special denial pleaded; and the whole answer, taken together, sets up a contract, for the performance of which the defendant concedes that the plaintiff is entitled to an amount which it tenders, but does not deny the employment nor the rendition of the services. There are authorities which hold that, under a general denial, evidence may be introduced of misconduct, malpractice, fraud, or want of good faith on the part of a physician, attorney, or broker. Chatfield v. Simonson, 92 N. Y. 209; Condit v. Sill (Com. Pl.) 18 N. Y. Supp. 97; Schopen v. Baldwin, 83 Hun, 234, 31 N. Y. Supp. 581. If we therefore assume that such a defense is available under the general issue tendered by the answer, and is not required to be set up by way of confession and avoidance, as an affirmative defense, we do not think, taking the whole answer, that it can be construed as interposing, either upon the question of value or performance, a general denial. Where, as here; it was shown that the facts upon which the defendant relied were known but a day or two prior to the trial, if the court had permitted an amendment of the pleadings, it is doubtful if, upon appeal, the discretion thus exercised by the trial judge would have been interfered with. Page v. Voorhies (City Ct. Brook.) 16 N. Y. Supp. 101. It is true that the counsel asked to amend, but to the refusal to permit the amendment no exception was taken, and the question is not before us for review. Counsel may have assumed, as he has urged upon this appeal, that an amendment was unnecessary,

and that the answer presented the issue; but, as we think that in this he was mistaken, we cannot, however willing, accord him relief, and, for the purpose of reversing the judgment, take a point which is not presented by a proper exception.

We think, therefore, the judgment must be affirmed, with costs. All concur.